UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                                                   CRIMINAL NO. 5:15CR-17-TBR

RAMIRO PENA JR.                                            DEFENDANT

## AGREED PRELIMINARY ORDER OF FORFEITURE

Comes now the United States of America, by and through John E. Kuhn, Jr., Acting United States Attorney for the Western District of Kentucky, and Nute Bonner, Assistant United States Attorney, and the defendant, Ramiro Pena Jr., individually and by and through his attorney Scott Wendelsdorf, and do hereby stipulate and agree with the following:

1. On July 2, 2015, the defendant pled guilty to violations of 18 U.S.C. § 201(b)(2) and 18 U.S.C.§ 371, as charged in Count 1 of the Information.

2. The Forfeiture Notice in the Information notified defendant of the United States' intention to seek forfeiture of certain property, pursuant to 28 U.S.C. § 2461 and 18 U.S.C. § 981(a)(1)(C).

3. The defendant agrees to the forfeiture the following property:

     a. Money Judgment of $100,000 which represents the sum of money equal to the amount of proceeds derived from or traceable to the conspiracy to commit bribery, in violation of 18 U.S.C. § 371;

     b. a 2009 Harley Davidson motorcycle, VIN: 1HD1GY4189K326341; and

     c. a Rolex watch, Presidential 18K yellow gold tone face and hands with diamond numerals, serial number: M483562, model number: 118348.

4. The parties stipulate and agree that the above-referenced property is property which constitutes, or is derived from, proceeds traceable to the conspiracy to commit bribery, in violation of 18 U.S.C. § 371.

5. The parties hereby stipulate and agree that Defendant Pena will forfeit to the United States the above-referenced property.

6. Defendant Pena hereby acknowledges waiver of his right to a hearing to determine what property is subject to forfeiture as set forth in Rule 32.2(b)(1)(A) of the Rules of Criminal Procedure.

THEREFORE, upon agreement of the parties and the Court having reviewed this matter and being otherwise sufficiently advised, IT IS HEREBY ORDERED:

(1) Based on the defendant's plea of guilty to a violation of 18 U.S.C. § 201(b)(2) and 18 U.S.C. § 371, as charged in Count 1 of the Information, the property named above is forfeited to and may be seized by the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

(2) The United States Marshals Service or any duly authorized law enforcement agency (hereinafter "the custodian") shall maintain the forfeited property in its secure custody. If necessary, the custodian may appoint a substitute custodian.

(3) Pursuant to 21 U.S.C. § 853 and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, notice shall be published on the Internet at www.forfeiture.gov for 30 consecutive days: notice of this order, notice of the custodian's intent to dispose of the property in such a manner as the Attorney General may

direct, and notice that any person, other than the defendant, who has or claims a legal interest in the above property must file a petition with this Court within thirty (30) days of the final publication date, receipt of actual notice, or within sixty (60) days of the first day of publication on the Internet, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, and interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. This notice shall also state that a copy of the petition must be served on the United States Attorney's Office, 717 West Broadway, Louisville, Kentucky 40202.

(4)     The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is subject to this Order of Forfeiture.

(5)     Pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(m), the United States is authorized to conduct appropriate discovery and to conduct any necessary ancillary proceedings as provided by 21 U.S.C. § 853(n) as to the rights of third parties who may have an interest in the property forfeited herein, or to identify any substitute assets as defined by 21 U.S.C. § 853(p).

(6)     If, as a result of the adjudication of third party interests, it becomes necessary to initiate forfeiture proceedings under 21 U.S.C. § 853(p) regarding defendant's interest in substitute assets other than those listed in this Order, the Court shall identify such substitute assets by entering an Amended Preliminary Order of Forfeiture, and at that time shall authorize appropriate additional discovery and ancillary proceedings regarding those assets. Upon

adjudication of all third party interests in the property identified by this Order and any subsequent Amended Orders, this Court shall enter a Final Order of Forfeiture authorizing the custodian to take title to any interest forfeited to the United States and allowing the custodian to dispose of the property in accordance with law, pursuant to Rule 32.2 and 21 U.S.C. § 853.

**Have Seen and Agreed to:**

JOHN E. KUHN, JR.
Acting United States Attorney

_____  Date: 2 July 2015
Nute A. Bonner
Assistant United States Attorney
501 Broadway Street
Paducah, Kentucky 42001
(270) 443-8332


_____  Date: July 2, 2015
Daniel P. Butler
Trial Attorney, Fraud Section


_____              _____
Ramiro Pena Jr.                         Scott Wendelsdorf, Attorney for
Defendant                               Defendant Ramiro Pena Jr.

Date: 7/2/15                            Date: 7/2/15

4